IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**SIR RICHARD ERIN GRAY, SR.**                                                                 **PLAINTIFF**

**v.**                                             **CIVIL ACTION NO. 3:16-cv-550-WHB-JCG**

**DEVON ANDERSON, ET AL.**                                                                 **DEFENDANTS**

### REPORT AND RECOMMENDATION THAT PLAINTIFF'S [2] APPLICATION TO PROCEED *IN FORMA PAUPERIS* BE DENIED

BEFORE THE COURT is *pro se* Plaintiff Richard Erin Gray's Application to Proceed *in Forma Pauperis* (ECF No. 2). Plaintiff filed his Complaint (ECF No. 1) and Application to Proceed *in Forma Pauperis* (ECF No. 2) on July 12, 2016. Having fully reviewed Plaintiff's complaint and application, the undersigned recommends that the application be DENIED because the Complaint fails to allege any facts from which a plausible cause of action could be inferred.

I.   ANALYSIS

The Court "may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of costs or security thereof . . . ." 28 U.S.C. § 1915(a)(1). "Section 1915(a) is intended to provide access to federal courts for plaintiffs who lack the financial resources to pay any part of the statutory filing costs." *Prows v. Kastner,* 842 F.2d 138, 140 (5th Cir. 1988). There is no absolute right to proceed *in forma pauperis*, and the Court has broad discretion to deny an application to proceed *in forma pauperis*, especially in civil cases where the privilege should be granted sparingly. *Flowers v. Turbine Support Div.*, 507 F.2d 1242, 1244 (5th Cir. 1975).

Plaintiff's Complaint (ECF No. 1) alleges that Defendants – he names twenty-four, all of whom appear to be individuals and entities from the state of Texas – "have perpetuated serious and grave crimes upon" him. The Complaint provides no additional factual allegations, but states generally that Defendants have committed libel and slander, and violated a list of sixty (60) criminal statutes under Title 18 of the United States Code; two code sections related to insider trading; and the First, Fourth, Fifth, and Eighth Amendments to the United States Constitution. Plaintiff seeks $478,500 in compensatory damages, $1,700,000 in punitive damages, and equitable relief.

None of the criminal statutes cited by Plaintiff provide a private right of action. Moreover, the complete absence of any factual allegation from which a plausible, coherent cause of action could be inferred – even given the liberality with which *pro se* pleadings are to be construed – leads to the Court to conclude that this lawsuit is frivolous. This conclusion is further supported by the fact that Plaintiff has filed numerous, similarly vague, yet expansive lawsuits around the country. *E.g.*, *Gray v. McCormick*, 1:16-cv-1719-DAP (N.D. Ohio July 5, 2016); *Gray v. City of St. Paul*, 8:16-cv-320 (D. Neb. June 30, 2016); *Gray v. Martin*, 5:16-cv-232-MTT (M.D. Ga. June 21, 2016). Accordingly, the undersigned recommends that Plaintiff's Application for Leave to Proceed *In Forma Pauperis* (ECF No. 2) be denied.

**II.   NOTICE OF RIGHT TO APPEAL/OBJECT**

Pursuant to Local Uniform Civil Rule 72(a)(3),

> After service of a copy of the magistrate judge's report and recommendations, each party has fourteen days to serve

and file written objections to the report and recommendations. A party must file objections with the clerk of the court and serve them upon the other parties and submit them to the assigned district judge. Within seven days of service of the objection, the opposing party or parties must either serve and file a response or notify the district judge that they do not intend to respond to the objection.

L.U. Civ. R. 72(a)(3); *see* 28 U.S.C. § 636(b)(1).

An objecting party must specifically identify the findings, conclusions, and recommendations to which he objects. The District Judge need not consider frivolous, conclusive, or general objections. A party who fails to file written objections to the proposed findings, conclusions, and recommendations shall be barred except upon grounds of plain error, from attacking on appeal any proposed factual findings or legal conclusions adopted by the Court to which he did not object. *Douglas v. United Servs. Automobile Assoc.*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

**SIGNED**, this the 18th day of July, 2016.

*s/* *John C. Gargiulo*
JOHN C. GARGIULO
UNITED STATES MAGISTRATE JUDGE