```
         IN THE UNITED STATES DISTRICT COURT
       FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                    NORTHERN DIVISION
```

**SIR RICHARD ERIN GRAY, SR.**                              **PLAINTIFF**

**VS.**                          **CIVIL ACTION NO. 3:16-cv-550-WHB-JCG**

**DEVON ANDERSON, ET AL.**                                 **DEFENDANTS**

### OPINION AND ORDER

This cause is before the Court on the Report and Recommendation ("R&R") of United States Magistrate Judge John C. Gargiulo, recommending that Plaintiff's Motion to Proceed *In Forma Pauperis* be denied. Having considered the R&R[1], the other pleadings in this case, as well as supporting and opposing authorities, the Court finds the findings made by Judge Gargiulo in the R&R are not clearly erroneous or contrary to law. The Court additionally finds this case should be dismissed, without prejudice, pursuant to 28 U.S.C. § 1915(e)(2)(B) because it is both frivolous and it fails to state a claim upon which relief can be granted.

### I.  Factual Background and Procedural History

Sir Richard Erin Gray, Sr. ("Gray") filed a lawsuit in this Court against the State of Texas and twenty-three other Texas-related entities and individuals including the City of Houston, the

---

[1] Plaintiff was required to file his objections to the R&R on or before August 1, 2016.  No objections were filed.

Houston Police Officers Union, the Angelridge Apartments of Houston, and the Mental Health and Mental Rehab Foundation of Texas. According to Gray, the named defendants have violated at least sixty (60) federal criminal statutes and constitutional amendments with respect to both him and "society at large". Through his Complaint, Gray seeks over 2.1 million dollars in actual and punitive damages.

The matter came before United States Magistrate Judge John C. Gargiulo on Gray's Motion to Proceed *In Forma Pauperis*. After reviewing the Complaint, Judge Gargiulo found it was completely lacking "of any factual allegation from which a plausible, coherent cause of action could be inferred", and that the criminal statutes cited by Gray did not create private rights of action. See R&R [Docket No. 3], 2. Based on these findings, Judge Gargiulo entered a Report and Recommendation, recommending that Gray's Motion to Proceed *In Forma Pauperis* be denied on the grounds that it "fails to allege any facts from which a plausible cause of action could be inferred." Id. at 1. See also 28 U.S.C. § 1915(e)(2)(B)(ii) (requiring the dismissal of cases upon the determination that the complaint fails to state a claim upon which relief may be granted).

**II. Discussion**

A district judge's review of a magistrate judge's ruling on a non-dispositive motion is governed by Rule 72(a) of the Federal

2

Rules of Civil Procedure, which provides:

> When a pretrial matter not dispositive of a party's claim or defense is referred to a magistrate judge to hear and decide, the magistrate judge must promptly conduct the required proceedings and, when appropriate, issue a written order stating the decision.  A party may serve and file objections to the order within 14 days after being served with a copy.  A party may not assign as error a defect in the order not timely objected to.  The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law.

FED. R. CIV. P. 72(a).  See also 28 U.S.C. § 636(b)(1)(A) ("A judge of the court may reconsider any pretrial matter ... where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law."); Merritt v. International Bhd. of Boiler Makers, 649 F.2d 1013, 1017 (5th Cir. 1981) ("Pretrial orders of a magistrate under § 636(b)(1)(A) are reviewable under the 'clearly erroneous and contrary to law standard'; they are not subject to a de novo determination as are a magistrate's proposed findings and recommendations under § 636(b)(1)(B).").  Thus, upon a timely filed objection, a district judge may modify or set aside a magistrate judge's ruling if that ruling is clearly erroneous or contrary to law.  FED. R. CIV. P. 72(a).

Here, Judge Gargiulo recommended the denial of Gray's Motion to Proceed *In Forma Pauperis* based on Gray's failure to allege any facts from which a plausible cause of action could be inferred.  See R&R, 1.  On review, the Court finds Judge Gargiulo's findings and recommendation is neither clearly erroneous nor contrary to

law. See e.g. Denton v. Hernandez, 504 U.S. 25, 32 (1992) (explaining that an action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible."). In addition, because Gray is a citizen of Georgia, the defendants are likely all citizens of Texas, and there is no allegation of wrong-doing having been committed in the State of Mississippi, it does not appear that venue would be proper in the Southern District of Mississippi or that this Court could exercise personal jurisdiction over the defendants. For these reasons, the Court adopts Judge Garguilo's recommendation that Gray's Motion to Proceed In Forma Pauperis be denied, and additionally finds that this case should be dismissed pursuant to 28 U.S.C. § 1951(e) because the Complaint is completely frivolous and fails to state any claim on which relief may be granted. See 28 U.S.C. § 1951 (e)(2)(B)(i)&(ii)(providing that "the court shall dismiss the case at any time if the court determines that the action or appeal (i) is frivolous or malicious; [or] (ii) fails to state a claim on which relief may be granted"); Peters v. Klevenhagen, 1995 WL 581581, at *1 (5th Cir. Aug. 25, 1995) (explaining that a "complaint filed *in forma pauperis* may be dismissed as frivolous pursuant to § 1915 if it has no arguable basis in law or fact.").

### III.  Conclusion

For the foregoing reasons:

IT IS THEREFORE ORDERED that the Report and Recommendation of the Magistrate Judge [Docket No. 3] is hereby adopted.  Plaintiff's Motion to Proceed In Forma Pauperis [Docket No. 2] is hereby denied.

IT IS FURTHER ORDERED that this case is hereby dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)&(ii) because the Complaint is completely frivolous and fails to state any claim on which relief may be granted.  An Order of Dismissal dismissing this case without prejudice shall be entered this day.

SO ORDERED this the 11th day of August, 2016.

s/ William H. Barbour, Jr.
UNITED STATES DISTRICT JUDGE

5